UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No: 07-CR-323 (RMC) |
| | : | |
| TIMOTHY P. JOHNSON | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION REGARDING INTRODUCTION OF EVIDENCE PURSUANT TO RULE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this notice of its intent to introduce evidence of other crimes, wrongs or acts (commonly referred to as, "404(b) evidence") pursuant to Federal Rule of Criminal Procedure 404(b). The introduction of this evidence is relevant to prove one or more of the following; motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In support of this notice, and the motion incorporated herein, the Government relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter. We submit that the evidence of defendants's other crimes, wrongs, or acts should be admitted at trial.

### Background

On November 26, 2003, the Federal Bureau of Investigation ("FBI") executed a search at 4511 B Street, S.E., Apartment 101, Washington, D.C., pursuant to a Superior Court. Recovered during that search was, *inter alia*, marijuana, heroin, phencyclidine ("PCP"), cocaine base, also known as crack, prescription pills, materials used to process and package illegal narcotics, weapons, ammunition, and documents bearing defendant Johnson's name.

Subsequent to the execution of that search warrant, the defendant was indicted in a three count indictment charging unlawful possession with intent to distribute 100 grams or more of a mixture and substance containing phencyclidine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv); using, carrying and possessing a firearm during a drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1); and unlawful possession of a firearm and ammunition by a person convicted of a crime of punishment for a term exceeding one year in violation of Title 18, United States Code, Section 922(g)(1).

## OTHER CRIMES, WRONGS, BAD ACTS

The United States intends to introduce evidence at trial of the following other crimes, wrongs, or bad acts:

1. On or about November 27, 2007, in the District of Columbia, the defendant was convicted of the D.C. Code offense of Violation of a Drug Free Zone in Superior Court case 2003-FEL-001278.

2. In or about 2006, in the District of Columbia, the defendant photographed himself with his infant child holding guns and photographed his infant son chewing on a large, folded stack of United States currency.

## ARGUMENT IN SUPPORT OF ADMITTING THE ABOVE EVIDENCE

The Court employs a two-step test to determine if prior "bad acts" evidence is admissible. Clarke v. United States, 24 F.3d 257, 264 (D.C. Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character." Id.; see also Huddleston v. United States, 485 U.S. 681, 686 (1988). The evidence may be offered for any purpose, including to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, so long as it is not offered solely to prove character of a person in order to

show action in conformity therewith. Fed. R. Evid. 404(b). Thus, "although the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself is 'quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his character." United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), cert. denied, 525 U.S. 1149 (1999).

Next, if the contested evidence is offered for a permissible purpose, "the second step requires that the evidence not be inadmissible under Rule 403." Clarke, supra, 24 F.3d at 264. In other words, the "probative value of the evidence [must] not be 'substantially outweighed' by its potential prejudice." United States v. Miller, 895 F.2d 1431, 1435 (D.C. Cir.) (quoting Huddleston, 485 U.S. at 687), cert. denied, 498 U.S. 825 (1990).[1] "[I]t is a sound rule that the balance should generally be struck in favor of admission when the [other crimes evidence] indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982), quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

Evidence of defendant's prior offenses is offered to illuminate essential elements of the offenses for which he has been charged and which the Government must prove beyond a reasonable doubt. Evidence of defendants's past drug possessions and gun possessions are admissible on the issues of motive, intent, preparation, plan, knowledge, identity, and absence of

---

[1] It should be noted that the standard of proof for establishing admissibility of the facts of prior bad acts is less than in the underlying criminal case. The Supreme Court in Huddleston held, "in the Rule 404(b) context, similar act evidence is relevant only if the jury can *reasonably conclude* that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 689, (emphasis added). Thus, even if a jury could not find beyond a reasonable doubt that a crime was committed and that the defendant committed it, it could still reasonably conclude that a defendant committed a particular act for the purposes of 404(b) admissibility. See, Dowling v. United States, 493 U.S. 342, 349 (1990). Further, The District Court's determination whether to admit 404(b) evidence is reviewed for abuse of discretion. United States v. Springs, 936 F.2d 1330, 1333 (D.C. Cir. 1991); United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990).

mistake or accident, as well as to discount the defense of "innocent presence." Evidence that defendant had prior contact with drugs and guns is powerful evidence of not only familiarity with such contraband but also its value, method of distribution, method of street protection, and the importance of secretion of the contraband and the proceeds derived therefrom.

That Johnson has a prior conviction for violation of a drug free zone is extremely probative of whether he knowingly and intentionally possessed the drugs recovered during the search of his apartment; it also negates the claim that Johnson's proximity to the drugs was the result of accident or mistake. United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir. 1992)(evidence of defendant's prior drug transaction is probative of intent, knowledge and plan on defendant's part); United States v. Rodgers, 918 F.2d 207, 210 (D.C. Cir. 1990) (evidence of other drug deal admissible to show knowledge, intent, and the absence of mistake); see also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (because testimony concerning defendant's past drug dealing established a course of dealing by defendant, such evidence was admissible to prove motive, intent, preparation, plan, knowledge, identity, and absence of mistake); United States v. Childs, 598 F.2d 169, 174 (D.C. Cir. 1979); United States v. Gallo, 543 F.2d 361, 365 (D.C. Cir. 1976).

That Johnson previously possessed a gun is extremely probative of whether he knowingly and intentionally possessed the gun recovered during the search of his apartment; it also negates the claim that Johnson's proximity to the gun was the result of an accident or mistake. See United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.), cert. denied, 513 U.S. 900 (1994) (earlier possession of pistols admissible under Rule 404(b) to satisfy scienter element of 18 U.S.C. § 922(g)(1) and to prove absence of accident or mistake); United States v. Toms, 136 F.3d 176, 183 (n.11). Other circuits similarly have held that possession of a firearm on one occasion is

probative of knowing and intentional possession on another occasion.[2]  This is especially true in a case such as this where the disputed issue involves the defendant's state of mind.  See Huddleston, 485 U.S. at 685.

Although the evidence reveals defendants participation in other criminal acts, appellate courts have held that, "under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." Miller, supra, 895 F.2d at 1436; see also Clarke, 24 F.3d at 264 (only impermissible use of other acts evidence is to show character).[3]

The 404(b) evidence establishes that defendant engaged in the drug trade.  The fact that defendant's conviction may have occurred years ago is not determinative of admissibility.  Where the similarity between the 404(b) evidence and the facts of the charged offense are closely related, the courts weigh in favor of admitting the evidence.  United States v. Mounts, 35 F.3d 1208, 1214-1215 (7th Cir. 199)(7 years between bad act and charged conduct sufficiently close nexus for admissibility); United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990) (approving use of evidence 10 years old because of similarity of conduct); United States v. Martino, 759

---

[2] See, e.g., United States v. Chesney, 86 f.3d 564, 572 (6th Cir. 1996), cert. denied, 520 U.S. 1282 (1997); United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992); United States v. Gomez, 927 F.2d 1530, 1533-34 (11th Cir. 1991); United States v. Williams, 895 F.2d 1530, 1533-34 (8th Cir. 1990), cert. denied, 520 U.S. 1150 (1997); United States v.Teague, 737 F.2d 378, 381 (4th Cir. 1984), cert. denied, 469 U.S. 1161 (1985).

[3] The Court has held that it was error to admit pursuant to 404(b) evidence of the defendant's prior firearms conviction in a case where the government's evidence was that the defendant was in actual rather than constructive possession of a firearm.  See United States v. Linares, 367 F3d. 941 (D.C. Cir. 2004). The Court distinguished constructive possession cases, citing United States v. Cassell,292 F.3d 788 (D.C. Cir. 2002), as a constructive possession case where the defendant's intent and knowledge were at issue and the evidence was necessary to prove elements of the offense.

F.2d 998, 1005 (2nd Cir. 1985) (11 year old youth act conviction properly admitted on the issue of defendant's knowledge and intent to distribute narcotics);  United State v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.), cert. denied 469 U.S. 837 (1984)  (fact that eight years separated the 404(b) case from the arrest-generated case not controlling where the facts of the first case were similar enough to the second to be relevant.).  See also United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994) (finding similarity between acts warranted admission of 404(b) evidence).

In the instant case, the "other crimes" evidence is probative on the issues of defendant's motive, knowledge, intent and absence of mistake.  At trial, it would be insufficient for the government to simply prove that the defendant possessed an amount of drugs more consistent with re-sale, than with personal use.  The government has the burden of showing a nexus between defendant and his intention to possess the illicit drugs and to sell the illicit drugs. United States v. Pettiford, No. 07-3027 (D.C. Cir. Feb. 26, 2008)(the mental states of knowledge and intent are required elements to prove possession with the intent to distribute a controlled substance.  As such, Rule 404(b) "expressly approves admission of prior crimes evidence to prove these elements").

The admission of prior wrongs, in this case shows that defendant, "was not some hapless fool mistakenly caught up in an overzealous law enforcement action." United States v. Kreiser, 15 F.3d 635, 640 (7th Cir. 1994).  See, e.g., United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984) (finding prior drug transactions probative of intent to participate in future transactions). "The oftener a like act has been done, the less probable it is that it could have been done innocently." 2 J. Wigmore on  Evidence sec. 312 (3d ed. 1940).

The similarities of conduct evidenced by defendant's other crimes and prior bad acts are compelling, and warrant the admission of this evidence.  Moreover, careful use of limiting

instructions following introduction of this evidence and at the close of the case will effectively eliminate any prejudice to the defendant or misuse of the evidence by the jury. United States v. Ruffin, 40 F.3d 1296, 1298 (D.C. Cir. 1994). Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "'[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.'" United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted). Accord Zafiro v. United States, 506 U.S. 534, 540-41.

WHEREFORE, for the foregoing reasons, the Government respectfully moves and requests that the Court admit the above-described evidence pursuant to Federal Rule of Evidence 404(b).

                Respectfully submitted,

                JEFFREY A. TAYLOR
                D.C. Bar No. 498610
                UNITED STATES ATTORNEY

                Nancy B. Jackson
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No: 07-CR-323 (RMC) |
| | : | |
| **TIMOTHY P. JOHNSON** | : | |
| Defendant. | : | |

## ORDER

Having reviewed the Government's Notice of Intent to Use Other Crimes Evidence, any Opposition thereto, and such evidence as has been presented at a hearing on the motions, the Court hereby rules that the Government's Motion Regarding Rule 404(b) evidence is GRANTED.

IT IS SO ORDERED.


Dated:_____           _____
                                  The Honorable Rosemary M. Collyer
                                  United States District Judge