UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>          *Plaintiff,*  )<br>                     )<br>v.                   )<br>                     )<br>TIMOTHY P. JOHNSON, JR.,  )<br>          *Defendant.*  ) | Criminal No.: 07-CR-323 (RMC) |

## DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

Timothy P. Johnson, Jr. (hereinafter referred to as "Mr. Johnson"), through undersigned counsel, respectfully moves this Honorable Court, for an Order suppressing any and all evidence resulting from the search of premises located at 4511 B Street, S.E., Apartment #101, Washington, D.C.  Mr. Johnson relies on the following points and authorities in support of this motion, and any facts and authorities revealed at the hearing.

## STATEMENT OF FACTS

On November 21, 2007, Detective William T. Sepeck of the Federal Bureau of Investigations (FBI) applied for and obtained a search warrant to search 4511 B Street, S.E., Apt. 101, Washington, D.C.  (*See Search Warrant issued by the Superior Court of the District of Columbia*, hereinafter referred to as "Search Warrant," annexed hereto as Exhibit A).  In his Affidavit in support of the search warrant, Detective Sepeck stated that within 24 hours of his application for the search warrant, a confidential source ("CS") notified Special Agent William Grover informing him that he witnessed a drug transaction being conducted from Apartment #101 of 4511 B Street, S.E., Washington, D.C.  Detective Sepeck further swore that agents took photos and escorted the CS to

4311 B Street, S.E., where she positively identified the exterior of 4311 B Street, S.E. and Apartment #101 from the photographs taken. (The different address is not a mistake on the part of the undersigned, please see *Affidavit*). Other than the information provided by the CS and the photos taken, no additional investigation was conducted. (*See Affidavit of Detective William T. Sepeck, Jr.*, hereinafter referred to as "Affidavit," annexed hereto as Exhibit B).

On November 27, 2007, at approximately 6:30am, law enforcement officers executed the search warrant. While Mr. Johnson and Arita Sheppard were sleeping, the executing officers immediately forced entry into the apartment without knocking or announcing themselves. Thinking that intruders were breaking into the premises, for his safety and Ms. Sheppard, Mr. Johnson attempted to leave the apartment through the window located near where he and Ms. Sheppard were sleeping. Upon searching the premises, contraband was discovered. Mr. Johnson was arrested and charged with drug and weapon offenses.

On November 29, 2007, the warrant and return was filed with the Superior Court of the District of Columbia.

Now, Mr. Johnson moves before this Honorable Court for an Order suppressing all tangible evidence resulting from the illegal search and seizure.

## LEGAL ARGUMENT

### POINT I

### THE AFFIDAVIT IN SUPPORT OF SEARCH WARRANT LACKED PROBABLE CAUSE

The Fourth Amendment of the United States Constitution safeguards the "right of people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures," and that "no warrants shall issues, but on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." For Fourth Amendment purposes, a search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. *Illinois v. Andreas*, 463 *U.S.* 765, 771 (1983); *United States v. Knotts*, 460 *U.S.* 276, 280-81 (1983); *Smith v. Maryland*, 422 *U.S.* 735, 739-41 (1979); *Terry v. Ohio*, 392 *U.S.* 1, 9 (1968).

Probable cause is determined based on the "totality of the circumstances," taking into consideration the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 *U.S.* 213, 230-31 (1983). The Supreme Court expressed the following in *Gates* regarding the determination of probable cause:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for … concluding' that probable cause existed.

*Id.* at 238-39 (internal citations omitted).

Applying the standard set forth in *Gates* to the instant matter, the Affidavit submitted in support of the search warrant lacked probable cause. The sole basis contained in Detective Sepeck's Affidavit was alleged information provided to an agent from a confidential source (CS). As to the veracity of the CS, Detective Sepeck makes generalized statements about past use of the CS. He fails to state with any detail specific instances of use, and results therefrom regarding this particular CS, such as the last date CS was used and what was the result. In addition, Detective Sepeck does

not reveal whether the CS has been utilized in the Washington D.C. metropolitan area. Furthermore, Detective Sepeck does not indicate whether the CS is paid for his or her services. There is an indication that the CS is involved in crime. Therefore, the veracity of the CS is highly suspect. Detective Sepeck provided nothing more than a blanket generalization regarding the reliability of the CS, which is insufficient.

Further, the CS's basis of knowledge is suspect. As described by Detective Sepeck in his Affidavit, the CS stated that he observed a black male knock on the door of apartment #101, a black male opened the door and said what do you want, closed the door and reopened it giving the first black male contraband. The CS did not give a detailed description of the first black male as to height, weight, skin tone, etc.; nor did the CS provide same for the second black male.

Lastly, there was no corroboration by law enforcement. The only investigation into this alleged transaction revealed a different address of 4311 B. Street, S.E. The agent showed the CS photos of which she positively identified 4311 B Street, S.E. Analysis of these facts under the totality of circumstances announced in *Gates*, supports the only conclusion that probable cause was clearly lacking. Hence, the information from which the officers acted upon was not reliable. Therefore, the Affidavit in support of the search warrant did not support a finding of probable cause. Thus, issuing Judge did not have a substantial basis to conclude that probable cause existed. Accordingly, the search warrant is invalid.

## POINT II

## THE SEARCH WARRANT IS FACIALLY
## <u>DEFECTIVE, THUS RENDERING IT INVALID.</u>

The Fourth Amendment, as set forth above, requires that the search warrant state with particularity the place to be search.  *See Groh v. Ramirez*, 540 *U.S.* 551, 557 (2003)(finding warrant invalid for lack of particularity).  The purpose of the particularity requirement is not limited to just the prevention of general searches, but also the seizure of one thing under a warrant describing another; and the issuance of a warrant on vague and dubious information.  *Id.* at 561.

In the case at bar, Paragraph One of Detective Sepeck's affidavit in support of the search warrant describes premises to be search as "4511 B Street, apartment #101, Southeast, Washington, D.C."  He further describes it as a "three-story red-brick, multi-unit apartment building."  Later in Paragraph Seven, Detective Sepeck stated that agents proceeded to the address provided by CS, thus listing 4311 B Street, S.E. as the address.  The agents then photographed 4311 B Street, S.E.  After developing the photos, agents showed them to CS, who positively identified 4311 B Street. S.E. as the location where the alleged transaction occurred.

Hence, Detective Sepeck listed two different addresses in his affidavit in support of his application for the search warrant.  In the search warrant, the issuing Judge included the premises address of 4511 B Street, apartment #101, Southeast, Washington, D.C., and incorporated the Affidavit "as more particularly described" into to the search warrant.  As noted herein, Detective Sepeck incorporated two different addresses in his Affidavit.  This discrepancy in the address of the location was not corrected by Detective Sepeck; nor the issuing Judge.  It appears that the issuing Judge

may have merely executed the search warrant without reviewing the Affidavit of Detective Sepeck, thereby revealing the inaccuracies contained therein.

Moreover, 4511 B Street, S.E. is not a three-story building as described by Detective Sepeck. 4511 B Street, S.E. is a two-story building. Thus, the premises to have been searched may have in fact been 4311 B Street, S.E. because the photos were taken of said location, and the CS positively identified that location. The fact that Detective Sepeck incorporated two addresses into his affidavit, coupled with the incorrect description of 4511 B Street, S.E., the particularity requirement of the Fourth Amendment has not been satisfied. Therefore, the search warrant is invalid, thus rendering the search warrantless of which there was no justification. Accordingly, all evidenced discovered as a result of the warrantless search must be suppressed.

## POINT III

### THE EXECUTING OFFICER VIOLATED THE ORDER OF THE COURT, THEREBY RENDERING THE SEARCH INVALID

Pursuant to the search warrant issued in this matter, as ordered by the issuing Judge, the executing officer was required to **leave a copy** of the warrant and return, and file a copy of the warrant and return with the Court on **the next Court day** after the execution of the search warrant. (emphasis added). (*See Search Warrant*). The search warrant was executed on November 27, 2007. Thus, the executing officer was required to file the warrant and return on November 28, 2007. However, the warrant and return was not filed until November 29, 2007, two (2) days after the execution of the search warrant.

Moreover, the search warrant ordered the executing officer to leave a copy of the warrant and return. The executing officer did not leave a copy of the warrant and return

with Mr. Johnson. In fact, the executing officer indicated that he did not leave a copy of the warrant and return with anyone by leaving blank that portion of the return section. The executing officer's failure to file the warrant and return in the time prescribe by the warrant is a direct violation of a Court order, and constitutes a failure to satisfy the requirements of the warrant. Therefore, the search warrant must be deemed invalid. *United States v. Edelen*, 529 *A.2d* 774, 786 (D.C. 1987).

## POINT IV

## THE EXECUTING OFFICERS VIOLATED THE KNOCK AND ANNOUNCE RULE SET FORTH IN 18 *U.S.C.* § 3109.

Generally, officers executing a search warrant must knock and announce themselves prior to entering a premises, unless exigent circumstances exists. *Richards v. Wisconsin*, 520 *U.S.* 385, 392-96 (1997). The knock and announce requirement must be complied with. *Id.* Congress codified this common law principle in Title 18 U.S.C. § 3109. Section 3109 provides:

> § 3109. Breaking doors or windows for entry or exit
>
> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

18 *U.S.C.* § 3109 (2008). The purposes of the knock and announce requirement are to (1) reduce the potential for violence to both the police officers and the occupants of the house into which entry is sought; (2) guard against the needless destruction of private property; and (3) symbolize the respect for individual privacy. *United States v. Owens*, 788 *A.2d* 570, 575 (D.C. 2002). It further safeguards against the possibility that police

officers may be mistaken for prowlers or unlawful intruders. *Id.* (internal citations omitted).

The principle of knock and announce has become a part of the Fourth reasonableness inquiry. *Wilson v. Arkansas*, 514 *U.S.* 927, 930 (1995). Prior to entering a premises, the officers must reasonably believed that they have been refused admittance even when they have knock and announced themselves. *United States v. Covington*, 385 *A.2d* 164, 168 (D.C. 1978). The belief must be reasonable, and until then, they are prohibited from forcing their way into the premises. *Id.*

If exigent circumstances exist, officers need not wait for a reply. *United States v. Owens*, *supra* at 573-74. Exigent circumstances exist when there may be imminent destruction of evidence, or some danger to the entering officers. *Id.*

In the instant matter, the executing officers immediately forced entry into the premises. The search warrant was executed at 6:30am. Mr. Johnson and Ms. Sheppard were sound asleep when they heard a loud bang and people enter. This is indicated by the fact that both were barely clothed upon being arrested. They were not given an opportunity to get dressed and answer door, or to refuse for that matter. Upon hearing the loud bang, Mr. Johnson, believing that intruders were breaking into the apartment, attempted to get Ms. Sheppard and himself out of the apartment for their safety. It is apparent that the officers did not knock and announce; and if they did, they certainly did not provide an opportunity for the occupants to refuse. Accordingly, the actions of the executing officers were a violation of 18 *U.S.C.* § 3109.

Case 1:07-cr-00323-RMC    Document 9    Filed 07/14/2008    Page 9 of 10

## **CONCLUSION**

**WHEREFORE,** for the reasons set forth above, and for such additional reasons as may arise pursuant to an evidentiary hearing on this motion, Mr. Johnson respectfully requests that the Court grant his motion to suppress all tangible evidence.

Respectfully submitted,

*/s/ Michael C. Dawson*
MICHAEL C. DAWSON, ESQ.
Counsel for Timothy P. Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

*/s/ Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was delivered to Nancy Jackson, Esq. of the US Attorney's office through the Court's ECF system on July 11, 2008.

/s/ *Michael C. Dawson*
MICHAEL C. DAWSON, ESQ.
Counsel for Timothy P. Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

/s/ *Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>               *Plaintiff,*  )<br>                             )<br>  v.                          )<br>                             )<br>TIMOTHY P. JOHNSON, JR.,   )<br>               *Defendant.*  ) | **Criminal No.: 07-CR-323 (RMC)** |

### ORDER

Upon consideration of defendant's Motion to Suppress Tangible Evidence, and having found good cause,

On this _____ day of _____, 2008,

**Ordered** that the motion is hereby **GRANTED**; and

It is further **Ordered** that all tangible evidence is hereby suppressed.


                                                    The Honorable Rosemary M. Collyer
                                                  United States District Judge

Copies to:

AUSA Nancy B. Jackson, Esq.
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530



# SUPERIOR COURT OF THE DISTRICT
## SEARCH WARRANT

TO: _the Chief of the United States Park Police or any other authorized law enforcement officer_

(Specific law Enforcement Officer or Classification of Officer of the Metropolitan Police Department or other Authorized Agency)

AFFIDAVIT, herewith attached, having been made before me by Detective William T. Sepeck Jr. badge #599, of the United States Park Police, that he has probable cause to believe that on the premises known as 4511 "B" Street, apartment #101, Southeast, Washington, D.C., as more particularly described in the hereby expressly incorporated affidavit in the District of Columbia, there is now being concealed property, namely cocaine base, PCP, drug paraphernalia used to facilitate drug distribution, illegally derived proceeds generated from the sale of cocaine and PCP, cellular phones and their electronic contents, documents pertaining to occupancy of residence, documents pertaining to "pay and owe" drug debts, photographs and undeveloped film that may depict individuals in possession of drugs and their proceeds.

WHICH IS in violation of District of Columbia code and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the above-designated premises and that the foregoing grounds for issuance of the warrant exist.

YOU ARE HEREBY AUTHORIZED within 10 days of the date of issuance of this warrant to search ~~in the daytime~~/at any time of the day or night, the designated premises for the property specified, and if the property be found there

YOU ARE COMMANDED TO SEIZE IT, TO WRITE AND SUBSCRIBE in an inventory of the property seized, to leave a copy of this warrant and return, and to file a further copy of this warrant and return with the Court on the next Court day after its execution.

Issued this 21st day of Nov., 2007 _____
Judge, Superior Court of the District of Columbia

---

## RETURN

I received the above warrant on _November 21_, 2007 and have executed it as follows: On _29th_, 2007 at _6:55_ A.M., I searched the residence described in the warrant and I left a copy of the warrant and return with _____ properly posted.
(name of the person searched or owner, occupant, custodian or person present at place of search)

The following is an inventory of the property taken pursuant to this warrant:
SEE ATTACHED 597

This inventory was made in the presence of _SA CATHERINE HANNA, SA TOM RYAN, SA SCOTT TURNER, SA DANIEL SPARKS, SA JOHN NAKASHIMA._

I swear that this is a true and detailed account of all property taken by me under this warrant.

_____
Executing Officer

Subscribed and sworn to before me this _29th_ day of _November_, 2007
_____
Judge, Superior Court of the District of Columbia

Form CD(17)-1055/Mar. 89
9-2794 wd-234

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

### 4511 "B" Street, apartment #101,
### Southeast, Washington, D.C.

1.   This affidavit is submitted in support of an application for a search warrant for the entire premises known as 4511 "B" Street, apartment #101, Southeast, Washington, D.C, to include all arrears bounded by its curtilage. The residence known as 4511 "B" Street, apartment #101, Southeast, Washington, D.C. is further described as a three-story, red-brick, multi-unit apartment building. The unit known as #101 is located on the first floor of the building. The door to apartment #101 is described as a black painted metal door, enclosed in a black painted metal door frame. The numbers "101" are attached to the top third of the door. The numbers "101" are in black against a gray square background. There is a doorknocker on the door, directly below the numbers "101". There is a brass deadbolt located above a brass doorknob, both of which are on the right side of the door.

2.   Your affiant is William T. Sepeck Jr., a duly sworn police officer with the United States Park Police, since July of 1991, empowered by law to investigate and make arrests for violations of Federal law, as well as violations of District of Columbia law, Maryland law and Virginia law. Your affiant is assigned to the Criminal Investigations Branch as a Detective, currently assigned to the Federal Bureau of Investigation, Safe Streets Task Force, Washington, D.C. Field Office. Your affiant has received basic police instruction at the Federal Law Enforcement Training Center. Your affiant has successfully completed the Criminal Investigators Training curriculum at the Federal Law Enforcement Training Center. Additionally, your affiant has personally attended academies, schools, and seminars in and around the Washington D.C. Metropolitan area regarding investigations into controlled dangerous substances; the identification of numerous illicit drugs; as well as the common methods used by narcotics traffickers to illegally import, manufacture, transport, and distribute controlled substances; as well as firearms violations. In May 1995, your affiant received a Masters of Arts degree in the field of Criminal Justice, awarded by the George Washington University. Your affiant has also received specialized narcotics investigative training from the Drug Enforcement Administration. During your affiant's tenure as an officer, Investigator and Detective your affiant has been involved in excess of 300 arrests and investigations involving narcotics and firearms, where your affiant has become familiar with the common investigative methodologies used to pursue large scale armed drug trafficking organizations, as well as the paraphernalia used in the distributing, secreting, cutting and packaging of various controlled substances. Your affiant's testimony has been accepted in both state and federal court in Maryland, Virginia and the District of Columbia. Your affiant is currently utilizing several confidential reliable informants, many of which have trafficked various types of narcotics and are familiar with the most recent trends, behaviors and characteristics of local criminal drug organizations. Additionally, your affiant has been involved in the

1 of 4   _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ 2007

_____
JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

investigation of firearms violations leading to the recovery of more than 50 firearms. Your affiant has been involved in the preparation and execution of more than 100 narcotic and firearm related search warrants, many of which have resulted in the seizure of illicit narcotics, firearms and associated paraphernalia, monetary assets, documents substantiating drug trafficking activities, digital paging devises and cellular phones, photographs depicting co-conspirators as well as other contraband related to ongoing criminal enterprises of the drug trade.

3. Your affiant has participated in several long term drug investigations, which have led to the arrests and dismantling of several violent street level drug organizations, where your affiant has employed various investigative techniques such as consensual and non-consensual monitoring and recording of both telephonic and non-telephonic communications, analyzing telephone pen register and caller identification system data. Your affiant has personally interviewed and debriefed in excess of one hundred persons arrested for narcotics and weapons violations, learning from these members of the criminal element the infrastructures of street level and wholesale drug organizations. Through the use of covert surveillance techniques, your affiant has learned about the methods and behaviors of individuals who distribute illicit drugs and has become acquainted with the patterns of activity in narcotics trafficking, to include the methods of concealment, manufacturing, importation, dispensing, packaging, distribution and acquisition of various narcotic controlled substances, in the Washington, D.C. metropolitan area.

4. Your affiant knows that it is common practice for drug traffickers to maintain addresses books, telephone books, electronic paging devices, portable cellular telephones with digital imaging capabilities, as well as other papers reflecting the identities and roles of accomplices, aiders and abettors, associates, co-conspirators, as well as names, addresses, and/or telephone numbers of other participants in their illegal drug trafficking activities. These papers are commonly referred to as "pay and owe" sheets. These listings of clients and suppliers can be immediately available in order to efficiently and productively conduct their drug trafficking business. Your affiant has learned that these documentary items are commonly maintained at their residences and are frequently kept at the same location as the controlled substances.

5. Likewise, your affiant has learned that individuals who traffic in narcotics frequently carry firearms and other dangerous weapons on their persons or keep firearms in their vehicles or houses in order to facilitate their drug trafficking activities as a way to protect themselves, their profits, and their supply of drugs from rival drug organizations and law enforcement. Based on your affiant's training, experience and participation in narcotics and firearms related investigations, your affiant knows that drug traffickers commonly have in their possession, that is, on their person, at their residences, businesses, vehicles or at other locations at which they stay, firearms, including without

2 of 4 _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF ___ Nov. ___ 2007

_____
JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

limitation handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons. Drug traffickers also maintain additional rounds of ammunition, magazines, miscellaneous gun pieces, laser sights, night sights and scopes, silencers, concealment holsters, ballistic body armor, gun cleaning kits, targets, documents indicating ownership, purchase and maintenance of firearms and related firearms paraphernalia, as well as photographs and videos depicting individuals in possession of firearms. Experience has taught your affiant that once individuals obtain a firearm, whether legitimately or by other means, these individuals normally hold on to the firearm, even after the commission of a crime, due to the difficulty in obtaining firearms legally in the surrounding jurisdictions and that members of "crews" or "drug organizations" will commonly trade firearms amongst each other to further their criminal endeavors.

6. Except as otherwise noted, the facts and information set forth in this affidavit are based upon your affiant's personal knowledge, training, observations, experience and investigation, along with the findings and observations of other investigators involved in this investigation. All observations referenced below that were not personally made by your affiant, were either relayed directly to your affiant by the person who made such observations or by those who corroborated such information or were reported in substance or in part on reports that your affiant has reviewed. Since this affidavit in support of an application for a search warrant is being submitted for the purpose of establishing probable cause, your affiant has not included each and every fact known to the government, as this application is only intended to contain information only necessary to support probable cause for this warrant.

7. Within the last twenty four hours, law enforcement authorities were contacted by a confidential source, referred to herein after as CS, regarding illegal drug activities being carried out of 4511 "B" Street, apartment #101, Southeast, Washington, D.C. The CS stated to Special Agent William Grover of the FBI Safe Streets Task Force that within the last twenty four hours, while standing in the hallway of 4511 "B" Street, Southeast, the CS personally observed a black male subject approached apartment #101 and knock on the door to the apartment. The CS said that it was within hearing distance of a conversation that followed between the subject that knocked on the door and the subject that answered the door. The CS said that a black male answered the door and asked the black male who originally knocked on the door what it was he wanted. The black male from within the apartment then closed the door and the other black male waited outside the door. A short time later the black male from within apartment #101 re-opened the door and handed the other black male 3 small blue ziplocks of suspected crack cocaine and a suspected "dipper" cigarette of PCP in exchange for an undetermined amount of US currency. Once the sale was completed, the purchaser of the suspected drugs walked passed the CS and the CS immediately detected a strong chemical odor consistent with PCP. Prior to the above described transaction occurring outside of apartment #101, the CS did not detect an odor consistent with PCP. Within one hour of the above described events, the CS contacted Special Agent Grover. After the CS provided the address of the described transaction, Agents took photographs of the location. After developing the photographs, agents escorted the CS to 4311 "B" street, SE, where the CS positively identified the exterior of 4311 "B" street, SE, as well as apartment #101 from the photographs.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21st DAY OF Nov 2007

_____
JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

8.  This particular confidential source has been utilized by the Federal Bureau of Investigation, on at least twenty previous occasions for both street generated arrests, as well as in affidavits in support of applications for search warrants. This confidential source has supplied federal law enforcement authorities with truthful information in the past and has been proven reliable and credible on each and every occasion. The information the CS has provided to law enforcement authorities has led to the recovery of controlled substances, to include crack cocaine, ecstasy, heroin, marijuana, and PCP, proceeds from drug distribution and documentary evidence of drug trafficking enterprises. This CS is familiar with various types of controlled substances and the methods in which drug dealers conceal, package and distribute their product, particularly how street level and user quantities of crack cocaine are packaged and how "dipper" cigarettes of PCP are bought and sold, as well as the strong chemical odor that PCP produces.

9  Based on both the aforementioned information provided by the source and intelligence developed throughout this investigation, as well as your affiant's experience and training in narcotics and weapons related investigations, your affiant believes probable cause exists that evidence and instrumentalities of crimes as described immediately above are currently being secreted inside of 4511 "B" Street, apartment #101, Southeast, Washington D.C, in violation of the drug laws of the District of Columbia and the United States. Therefore, your affiant respectfully requests a search warrant be issued for 4511 "B" Street, apartment #101, Southeast, Washington, D.C., authorizing the seizure of any of the following items that may be indicia of drug trafficking or instrumentalities used to facilitate ongoing drug trafficking: any and all controlled substances; any paraphernalia related to the cutting, packaging, manufacturing, processing and distribution of any controlled substance; books, records, receipts, notes and other papers relating to the transportation, ordering, purchase, disbursement and distribution of any controlled substance; illegally derived assets in the form of U.S. currency; address and telephone books, papers, and personal electronic data storing devices that may reflect the names, addresses and telephone numbers of potential co-conspirators; books, records, receipts, bank statements, money drafts, letters of credit, money orders and cashier's checks, bank checks, safe deposit box keys, and any other items evidencing the obtaining, secreting, concealment and storage of illicit controlled substances and/or the transfer or expenditure of money; cellular telephones and their electronic contents, as well as records and receipts reflecting their ownership and use; both combination and lock safes along with their contents; documents depicting indicia of occupancy of the residence and/or ownership of the premises described herein, including, but not limited to past and present lease agreements, utility, cable and telephone bills, as well as canceled envelopes; photographs, videos, and undeveloped film that may be indicative of involvement in drug possession or drug trafficking trade.

4 of 4   _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF _____ 2007

_____
JUDGE, SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.