UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
UNITED STATES OF AMERICA, )
        *Plaintiff,*    )
                            )
v.                       )    Criminal No.: **07-CR-323 (RMC)**
                            )
TIMOTHY P. JOHNSON, JR.,   )
       *Defendant.*   )
_____)

**DEFENDANT'S MOTION TO DISMISS**
**COUNT THREE OF THE INDICTMENT**

Timothy Johnson (hereinafter referred to as "Mr. Johnson"), by and through undersigned counsel, respectfully submits this Motion to dismiss the Count Three of the Indictment, and hereby moves this Court for an Order dismissing Count Three of the Indictment. Mr. Johnson relies on the following points and authorities in support of this motion, and any facts and authorities revealed at the hearing.

**STATEMENT OF FACTS**

On November 27, 2007, approximately 6:30am, law enforcement officers executed a search warrant of premises located at 4511 B Street, S.E., Apartment #101, Washington, D.C. Drugs and a weapon were discovered as a result of the search. Mr. Johnson and Arita Sheppard were asleep in the premises when the officers executed the search warrant.

A United States District Court for the District of Columbia grand jury has returned a three count indictment against Mr. Johnson. Specifically, Count Three charges Mr. Johnson with possession of a firearm after having previously been convicted of a crime

1

punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g) that the firearm was possessed "in or affecting commerce."

Mr. Johnson now moves before this Court for an Order dismissing Count Three of the Indictment.

## LEGAL ARGUMENT

18 U.S.C. § 922(g) states that it is unlawful for certain individuals (those convicted of crimes punishable by a term exceeding one year, anyone who ever has been committed to a mental institution, anyone with a dishonorable discharge from the Armed Forces, etc.) to "possess in or affecting commerce" a firearm.  In this case, the only evidence to be presented at trial concerning whether the firearm allegedly possessed by Johnson was possessed "in or affecting commerce," is expert testimony by a law enforcement official that the gun had previously been manufactured outside the District of Columbia and by implication, the gun at some point in the past crossed state lines into the District of Columbia.  The government will contend that this is sufficient since the "in or affecting commerce" element is shown by proof that the gun in question merely crossed a state line at sometime in the past.

Undersigned counsel submits that something more than just prior travel across state lines is necessary to satisfy the "in or affecting commerce" element and that due to the anticipated failure on the part of the government to prove more than this, the indictment should now be dismissed.

Under the position adopted by the government, virtually every possession of a gun by a prohibited person would be subject to prosecution under 18 U.S.C. § 922(g). This is not a sensible interpretation of the phrase "possess in or affecting commerce."

"In commerce" is a term of art that Congress repeatedly has used that excludes articles that have come to rest at any given spot. *Allied-Bruce Terrminix Co. v. Dobson,* 513 U.S. 265, 273 (1995) ("involving commerce" reaches a broader set of transactions than "in commerce," which is restricted to articles in the flow of commerce); *United States v. American bldg. Maint. Indus.,* 422 U.S. 271 (1975) (acquisition of janitorial services supply company was not acquisition of company "engaged in commerce" even though many of the janitorial supplies purchased by company were manufactured from out of state).

While the phrase "affecting commerce" reaches a broader set of transactions, its reach is still limited by the use of the present tense "affecting.." Moreover, it is the possession (and not the gun) that must be "affecting commerce." The fact that the gun crossed a state line 20, 50, or 100 or more years earlier does not in any way demonstrate that the current possession is affecting interstate commerce.

These common sense interpretations of the relevant jurisdictional elements of 18 U.S.C. §922(g) are supported by the Supreme Court's decision in **Jones v. United States, 529 U.S. at 848 (2000).** A unanimous Court purposefully gave a narrow reading to the jurisdictional elements in the federal arson statue, which prohibited the damaging or destroying of any building "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *Jones,* 529 U.S. at 853. Although the government had contended that the private home that the defendant had destroyed by a Molotov cocktail had been used (*inter alia*) to receive shipments of natural gas from outside the state, the Court unanimously rejected an interpretation of the statue that could be satisfied by such a tenuous connection. Of importance here, the Court

rejected that broad interpretation in part because it would raise "grave and doubtful constitutional questions" about the validity of the statue under *United States v. Lopez,* 514 U.S. 549 (1995). *Jones, 529* U.S. at 857 (internal citations omitted).  That is, a statute which explicitly had prohibited "destroying or damaging by fire a building that receives natural gas shipments in interstate commerce" would have raised "grave and doubtful constitutional questions."[1] *Id.*

In *Lopez,* the Supreme Court concluded that Congress exceeded its authority under the Commerce Clause in passing the Gun Free School Zones Act ("GFSZA"), 18 U.S.C. §922(q), which prohibited the possession of guns within 1000 feet of a school. The Court noted that Congress had three general areas of authority under the Commerce Clause: to regulate the channels of interstate commerce, to protect the instrumentalities of interstate commerce, or persons or things in interstate commerce.  It concluded that 18 U.S.C. § 922(q) failed to meet the test for such provisions because it "neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Lopez*, 514 U.S. at 551.

This Court explained that the possession of guns could not be considered an economic activity in any sense of the term, and thus, that the statue could not be sustained under the Court's precedents permitting Congress to regulate "activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce."  *Id.* at 561.  Further, the Court concluded that the GFSZA did not have a "jurisdictional element that would ensure

---

[1] In addition, the doctrine of lenity (which requires that Congress have spoken clearly and definitively before courts can assume that particular conduct is covered under a criminal statue), and the presumption that Congress intended to displace as little of tradition state authority as possible, both militate against an expansive interpretation of the phrase "possess in or affecting commerce. "*Jones,* 529 U.S. at 857-58; *United States v. Bass,* 404 U.S. 336, 348-49(1971).

4

through case-by-case inquiry that the firearm possession in question affects interstate commerce." *Id.* (emphasis added). Furthermore, there is no requirement that his possession of the firearm have any *concrete tie* to interstate commerce." *Id.* at 567 (emphasis added).

These statements make clear that jurisdictional elements should have the same aim as a statute's focus on economic activity: to ensure that the activity has a substantial relation to interstate commerce. Not any jurisdiction element will do. *See United States v. Morrison,* 529 U.S. 598, 612-13 (2000) ("a jurisdictional element *may* establish that the enactment is in pursuance of Congress's regulation of interstate commerce, and a jurisdictional element would lend support to the argument that [42 U.S.C.] 13981 is sufficiently tied to interstate commerce").

The possession of a gun that once has passed over a state line is no more an economic activity than the possession of a gun that never passed over a state line. Even if the legislative history were useful in establishing a special connection to interstate commerce, there is no such history here. Thus, the reading of 18 U.S.C. § 922(g) adopted by the government and this Court cannot be sustained under Congress's authority to regulate intrastate economic activity that substantially affects interstate commerce. *Lopez, supra,* 514 U.S. at 561. If the reading adopted by the government can sustained at all, it can only be sustained if it would constitute a valid exercise of the part of Congress's third power to regulate non-economic activity that has a "substantial relation" with interstate commerce, then a law prohibiting the possession of a gun that crossed a state line at any time in its existence should be unconstitutional.

5

It is hard to envision a tie to interstate commerce more tenuous. The fact that a gun may have crossed a state line decades ago does not make the connection between its current possession and interstate commerce any stronger than if it had never crossed a state line. It does not create a more "substantial relation" between the current possession and interstate commerce; it does not make the current possession less of a "local activity" than the possession of any other gun; it is not the "concrete tie to interstate commerce" required by the Supreme Court, but rather an infinitely elastic one. *Lopez,* 514 U.S. at 567.

Therefore, since the government's interpretation of 18 U.S.C. § 922(g) as applied to Mr. Johnson in the instant case would be unconstitutional and the evidence anticipated to be presented at trial will establish nothing above and beyond this faulty interpretation, the indictment should be dismissed before trial.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, and for such additional reasons as may arise pursuant to an evidentiary hearing on this motion, Mr. Johnson respectfully requests that this Court grant his Motion to Dismiss Count Three of the Indictment.

    Respectfully submitted,

*/s/ Michael C. Dawson*
Michael C. Dawson, Esq.
Counsel for Timothy Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

*/s/ Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was delivered to Nancy Jackson, Esq. of the US Attorney's office through the Court's ECF system on July 11, 2008.

/s/ *Michael C. Dawson*
MICHAEL C. DAWSON, ESQ.
Counsel for Timothy P. Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

/s/ *Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        *Plaintiff,*   )<br>        )<br>v.        )<br>        )<br>TIMOTHY P. JOHNSON, JR.,   )<br>        *Defendant.*   ) | **Criminal No.: 07-CR-323 (RMC)** |

### **ORDER**

Upon consideration of Defendant's Motion to Dismiss Count Three of the Indictment, and having found good cause,

On this _____ day of _____, 2008,

Ordered that the motion is hereby **GRANTED**; and

It is further **Ordered** that Count Three of the Indictment is hereby dismissed.

_____
The Honorable Rosemary M. Collyer
United States District Judge

Copies to:

AUSA Nancy B. Jackson, Esq.
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530