UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
UNITED STATES OF AMERICA, )
                *Plaintiff,*   )
                            )
v.                       )        Criminal No.: 07-CR-323 (RMC)
                            )
TIMOTHY P. JOHNSON, JR.,   )
               *Defendant.*  )
_____)

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE PURSUANT TO RULE 404(b)

Timothy P. Johnson, Jr. (hereinafter referred to as "Mr. Johnson"), through undersigned counsel, respectfully moves this Honorable Court, for an Order denying the Government's use of other crimes, wrongs, or acts evidence at trial. Mr. Johnson relies of the following points and authorities set forth herein, as well as any other facts and authorities established at the time of the hearing.

### STATEMENT OF FACTS

On or about November 20, 2007, it is alleged that law enforcement agents received a telephone call from a confidential source ("CS") stating that a drug transaction had occurred at 4511 B Street, S.E., Apt. 101, Washington, D.C. between two black males. The CS did not provide a description of either black male.

On November 21, 2007, Detective William T. Sepeck of the Federal Bureau of Investigations (FBI) applied for and obtained a search warrant to search 4511 B Street, S.E., Apt. 101, Washington, D.C. At approximately 6:30am on November 27, 2007, the search warrant was executed. Upon searching the premises, contraband was discovered. Mr. Johnson was arrested and charged with drug and weapon offenses.

Shortly thereafter, a United States District Court for the District of Columbia grand jury returned a three count indictment against Mr. Johnson. Count One charges Mr. Johnson with Unlawful Possession with Intent to Distribute 100 grams or more of Phencyclidine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv). Count Two charges Mr. Johnson with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, United States Code, Sections 924(c)(1). Count Three charges Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1).

Mr. Johnson opposes the Government's Motion to Introduce 404(b) Evidence.

## LEGAL ARGUMENT

*Rule* 404(b) provides:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*Fed. R. Evid.* 404(b)(2008).

Generally, introduction of extrinsic acts evidence such as other crimes, wrongs, or acts, which affect adversely on the actor's character, is prohibited under *Rule* 404(b) of the Federal Rules of Evidence, unless the evidence is relevant to an issue in the case such as motive, opportunity, or knowledge, etc. *Huddleston v. United States*, 485 *U.S.* 681, 685-86 (1988). "[*Rule*] 404(b) specifies a particular use for which so-called 'bad acts' evidence is not admissible: proving that a defendant has a general predisposition to commit crimes." *United States v. Clarke*, 24 *F*.3d 257, 264 (D.C. Cir. 1994)(internal

citations omitted). The Court of Appeals explained the impact of other crimes evidence succinctly in *United States v. Dockery*:

> A defendant's interest in avoiding introduction of prior crimes evidence is clear and compelling. "The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence." *Daniels,* 248 App. D.C. 198, 770 F.2d 1111 at 1118. The primary concern is that prior crimes evidence "weighs too much with the jury and . . . overpersuades them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States,* 335 U.S. 469 at 476, 93 L. Ed. 168, 69 S. Ct. 213 (1948).

955 *F.*2d 50, 53 (D.C. Cir. 1992).

The court applies a two-step analysis when determining the admissibility of 404(b) evidence. *Clarke, supra,* 24 *F.*3d at 264. First, there must be a showing that the evidence is probative of some material issue other than character. *Id.* In other words, whether the evidence is being admitted to show action of conformity with a criminal disposition, or whether it is being admitted on another material issue. *United States v. Duran*, 884 *F.Supp.* 558, 560 (D.D.C. 1995). Thus, evidence is admissible under *Rule* 404(b) only if it is relevant. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Huddleston, supra,* 485 *U.S.* at 689.

Second, the analysis requires that the evidence not be admitted under *Rule* 403. *Clarke, supra,* 24 *F.*3d at 264. *Rule* 403 of the Federal Rules of Evidence reads:

> **Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Fed. R. Evid.* 403 (2008). When "determining whether the probative value is substantially outweighed by the danger of unfair prejudice it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged." *Duran*, *supra,* 884 *F.Supp.* at 561.

**A.    The Government Seeks To Introduce the 404(b) Evidence To Show Nothing More Than Mr. Johnson Criminal Propensity.**

**Prior Conviction**

The Government's proffer as to the use of Mr. Johnson's prior conviction fails to satisfy the first prong of the analysis. The Government has provided nothing more than a blanket generalization utilizing the language contained within *Rule* 404(b) to show probative value of a material issue other than character. The Government did not provide this Court with any factual similarities between the prior conviction and the current offenses. The factual circumstances are very different. Other than the offenses being narcotic offenses, there are no similarities. Therefore, the only issue that this evidence is probative of is that Mr. Johnson was acting in conformity with his past, which is impermissible under *Rule* 404(b), *Huddleston*, *Clarke*, and cases alike. Accordingly, the prior conviction should be admitted.

**Photographs**

The photographs the Government seeks to introduce are not evidence of a crime, wrong, or act. The Government has not set forth any foundation as to the source of the photos; the actual date of the photos; where the photos were taken; and who took the photos. Furthermore, no evidence has been presented to indicate whether the firearms in the photos are real or fake (replica). Certainly, if the firearms

are replicas then there is no crime, wrong or act. Also, there is nothing wrong with a child holding money.

Moreover, the Government has failed to demonstrate how these photos are relevant to the instant charges. As per *Huddleston,* relevancy is not an inherent characteristic of any item of evidence. The Government wants this Court to believe that because firearms are depicted in the photos they are relevant to this case. However, there must be a relation between the photos and a matter properly provable in the case. As stated above, the photos are not evidence of any other crime, wrong, or act. Therefore, the first step has not been satisfied, thereby requiring exclusion of the photographs.

**B.    The Unfair Prejudice Of The Evidence Is Substantially Outweighed By Its Probative Value.**

If the Court finds that the first step of the analysis has been satisfied, the probative value of the evidence sought to be introduced is substantially outweighed by the undue and unfair prejudice to Mr. Johnson.

### Prior Conviction

A prior conviction is highly prejudicial, and thus mandates exclusion under *Rule* 403. In *Duran* this Court stated:

> Here, the Court has already held, pursuant to *United States v. Dockery,* 293 U.S. App. D.C. 357, 955 F.2d 50, 55 (D.C. Cir. 1992), that the Defendant's convicted felon status shall not be tried to the jury. Order entered February 17, 1995. The Court declines to nullify its prior ruling, soundly based on *Dockery,* by admitting highly prejudicial evidence of the Defendant's prior conviction under Rule 404(b). Nor, for the same reason, will the Court admit evidence of parole denials, the Defendant's dishonorable discharge from the army, correspondence with the New Mexico authorities regarding his convicted felon status, and attempts to purchase firearms notwithstanding his prior conviction.
>
> In any event, the Court cannot find that such evidence is highly probative of the issues of intent or motive. Rather, the jury could easily infer from such evidence that the Defendant is a bad person with criminal propensities, and improperly convict on that basis. Accordingly, the Court

> finds that the 403 balancing test mandates exclusion of the evidence of any previous convictions, incarceration, parole denials, attempts to obtain authorization from the State of New Mexico to possess a firearm as a convicted felon, failure to obtain an upgrade of the Defendant's dishonorable discharge from the army, prior purchases and attempts to purchase firearms and ammunition, and false statements made in connection with such purchases or attempted purchases.

*Duran*, *supra,* 884 *F.Supp.* at 561-62.

In the instant matter, a jury will improperly convict Mr. Johnson based on his prior conviction alone. A jury will infer that Mr. Johnson is a bad person because he has a prior conviction. Thus, this evidence is highly prejudicial and significantly outweighs any probative value it may have. Further, Mr. Johnson respectfully requests this Court to adopt the holding and reasoning of *Duran* and preclude the use of Mr. Johnson's prior conviction. Accordingly, no instruction to the jury can cure the prejudicial effect of this evidence; therefore, exclusion is the only recourse.

## **Photographs**

The photographs the Government is seeking to introduce are extremely prejudicial. These photos include Mr. Johnson's infant son. The jury will sympathize with the child and surely interject punishment of Mr. Johnson into their thoughts. Notwithstanding the fact that Mr. Johnson is will not be on trial for actions regarding the photos, a jury will certainly conclude that Mr. Johnson is bad person because of the photos. This evidence will over persuade the jury as to prejudge Mr. Johnson and deny him a fair opportunity to defend against the instant charges.

Moreover, this evidence does not indicate a close relationship to charges currently before this Court. As such, the probative value of the photos is substantially outweighed by the undue and unfair prejudice that the photos will be to Mr. Johnson. There is no way that Mr. Johnson can get a fair trial. Furthermore, no jury charge will

eliminate the emotional and adverse affect that the photos will have. Accordingly, the photos should be excluded under *Rule* 403.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, and for such additional reasons as may arise at the hearing on this motion, Mr. Johnson respectfully requests that the Court denies the Government's motion.

Respectfully submitted,

*/s/ Michael C. Dawson*
MICHAEL C. DAWSON, ESQ.
Counsel for Timothy P. Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

*/s/ Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Opposition to the Government's Motion was delivered Nancy Jackson, Esq. of the US Attorney's office via the Court's ECF system on July 16, 2008.

                                        Respectfully submitted,

*/s/ Michael C. Dawson*
MICHAEL C. DAWSON, ESQ.
Counsel for Timothy P. Johnson, Jr.
THE DAWSON LAW GROUP, LLC
243 Hamilton Street, First Floor
New Brunswick, New Jersey 08901
732.993.9600; fax:732.993.9603
mdawson@dawsonlg.com

*/s/ Renard D. Johnson*
Renard D. Johnson, Esq.
9801 Greenbelt Road 316A
Greenbelt, Md. 20706
Bar No. 488614

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                *Plaintiff,*  )<br>                            )<br>  v.                          )<br>                            )<br>TIMOTHY P. JOHNSON, JR.,  )<br>                *Defendant.*  ) | **Criminal No.: 07-CR-323 (RMC)** |

### ORDER

Upon consideration of defendant's Motion to Suppress Tangible Evidence legal argument in support thereof, oral argument, and having found good cause,

On this _____ day of _____, 2008,

**Ordered** that the Government's Motion to Introduce of Mr. Johnson's Prior Conviction, and certain Photographs is hereby **DENIED.**

 

_____
The Honorable Rosemary M. Collyer
United States District Judge

Copies to:

AUSA Nancy B. Jackson, Esq.
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530