UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No: 07-CR-323 (RMC) |
| | : | |
| **TIMOTHY P. JOHNSON** | : | |
| **Defendant.** | : | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files its response to defendant Johnson's Motion to Suppress Tangible Evidence and Motion to Dismiss Count Three of the Indictment. In support of its response, the United States relies on the following points and authorities and any other such points and authorities as may be raised at any hearing on this matter.

Background

On November 27, 2007, the Federal Bureau of Investigation ("FBI") conducted a search of 4511 B Street, S.E., Apartment 101, Washington, D.C., pursuant to a validly issued Superior Court search warrant. Recovered during that search was, *inter alia*, marijuana, heroin, phencyclidine ("PCP"), cocaine base, also known as crack, prescription pills, materials used to process and package illegal narcotics, weapons, ammunition, and documents bearing defendant Johnson's name.

Subsequent to the execution of that search warrant, the defendant was indicted in a three count indictment charging unlawful possession with intent to distribute 100 grams or more of a mixture and substance containing phencyclidine in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(A)(iv); using, carrying and possessing a firearm during a drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1); and unlawful possession of a firearm and ammunition by a person convicted of a crime of punishment for a term exceeding one year in violation of Title 18, United States Code, Section 922(g)(1).

## I. Defendant's Motion to Suppress Evidence

Defendant Johnson now moves this Court to suppress the evidence seized during the execution of the search warrant on the grounds that the search warrant was deficient, and that law enforcement violated the knock and announce statute. Because the police relied on a valid search warrant and did not violate the knock and announce statute, the defendant's claims are groundless. Therefore, the defendant's motion should be denied.

### A. Law Enforcement Executed A Valid Warrant

As a threshold matter, defendant Johnson has not established that he has standing to challenge the search of 4511 B Street, S.E., Apartment 101, Washington, D.C. A defendant does not have standing to challenge a search unless he has a reasonable expectation of privacy in the area searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). Defendant Johnson has not asserted any such expectation of privacy in the apartment. Indeed, at the time of his arrest, the defendant provided, either by admission or identification documents, a home address of 5232 7th Street, N.W., Washington, D.C,. Subsequently, to pre-trial services he provided a home address of 2115 Columbia Place, Landover, Maryland. He therefore should not have standing to challenge the search of 4511 B Street, S.E., Apartment 101, Washington, D.C. Assuming, however, that defendant Johnson does have standing, the search of the apartment was nevertheless valid.

The affidavit for 4511 B Street, S.E., Apartment 101, Washington, D.C. was facially sufficient. The government recognizes that when assessing probable cause for warrants,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)). The issuing court's determination of probable cause "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236 (citation omitted). Moreover, the reviewing court should recognize that affidavits for search warrants "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). Applying these standards, it is clear that the information contained in the affidavits was sufficient to establish probable cause for the warrant in question.

  Moreover, the agents executing the warrant relied on the warrant in good faith. Even if the affidavit failed to establish probable cause, suppression of the evidence would not be an appropriate remedy if the officers conducting the search acted in "objectively reasonable reliance" on the warrants' validity." *United States v. Leon*, 468 U.S. 897, 922 (1984). Ordinarily, the existence of a warrant is sufficient to establish that the officers acted in good faith in conducting the search. *Id.* Suppression in such a case is appropriate only if "the magistrate abandoned his detached and neutral role" in assessing the affidavit or if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively

reasonable belief in the existence of probable cause." *Id.* at 926.  There is no indication that the information in the affidavit was false or made in reckless disregard for the truth; that the Superior Court judge "wholly abandoned" her judicial role; or that the affidavit was so "lacking in indicia of probable cause" or so "facially deficient" that the executing officers could not reasonably rely on it.  *Leon*, 468 U.S. at 923 (citations omitted).  Thus, the Court should deny the defendant's motion to suppress physical evidence.

The defendant's argument that the affidavit in support of the warrant is facially deficient because it contains a mistake is meritless.  At time the affidavit was presented to the Honorable Mary Ellen Albrect, the reviewing Superior Court judge, she asked Detective Sepeck to add to the affidavit that law enforcement had taken pictures of the address to be searched, that those pictures had been shown to the confidential source, and that the confidential source had accompanied law enforcement to the address where it had observed the criminal activity described in the warrant.  In adding this information to the affidavit, Detective Sepeck mistakenly wrote the address of the criminal activity as 4311 B Street, S.E. rather than 4511 B Street, S.E.  A mistake that neither the Detective nor the Judge recognized at the time.  Nonetheless, it is clear that Detective Sepeck's writing the address as 4311 was simply a mistake.  The address described in the warrant prior to Detective Sepeck's hand-written addition is the description of 4511 B Street, S.E.  The pictures taken by law enforcement and later reviewed by the confidential source are of 4511 B Street, S.E.  Moreover, there is no 4311 B Street, S.E. in the District of Columbia.

    B.  <u>Law Enforcement Did Not Violate The Knock And Announce Statute</u>

In his moving papers, the defendant claims that the officers executing the search warrant immediately entered the apartment without first knocking and announcing their presence.  Defendant's claims are baseless and must fail.  Special Agent Daniel Sparks of the FBI knocked

on the door of 4511 B Street, S.E., Apartment 101, Washington, D.C. and announced police presence and purpose at approximately 6:54 a.m. Receiving no response from any occupants, law enforcement breeched the door and entered the apartment at approximately 6:55 a.m.

"The Fourth Amendment says nothing specific about formalities in exercising a warrant's authorization, speaking to the manner of searching as well as to the legitimacy of searching at all simply in terms of the right to be 'secure.. . against unreasonable searches and seizures.'" *United States v. Banks*, 540 U. S. 31, 35 (2003). "[T]he notion of reasonable execution must.. . be fleshed out" on a case by case basis. *Id*. at 35-36. Reasonableness is to be examined via "the totality of circumstances in a given case." *Id*. at 36.

"[T]he common law knock-and-announce principle is one focus of the reasonableness enquiry...[A]lthough the standard generally requires the police to announce their intent to search before entering closed premises, the obligation gives way when officers have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Banks*, 540 U. S. at 36 (citations, internal quotation marks, and ellipsis omitted). "[T]he crucial fact in examining [police] actions is not [the occupant's] time to reach the door but the particular exigency claimed." *Id*. at 40. "When circumstances are exigent because a pusher may be near the point of putting his drugs beyond reach, it is imminent disposal, not travel time to the entrance, that governs when the police may reasonably enter." *Id.* ("[T]he agents were justified in concluding that they had been constructively refused admittance when the occupants failed to respond within 15 seconds of their announcement" at 7:45 a. m. on a weekday); *United States v. Bonner,* 874 F.2d 822, 826 n.6 (holding that "exact number of seconds" waited by police officers prior to entry "is not

dispositive, for we do not use a 'stopwatch approach' to evaluate compliance with [section] 3109"); *United States v. Jones*, 133 F.3d 358, 362 (5th Cir.1998) (citing cases dealing with length of delay and noting that "[i]n drug cases, where drug traffickers may so easily and quickly destroy the evidence of their illegal enterprise by simply flushing it down the drain, 15 to 20 seconds is certainly long enough for officers to wait before assuming the worst and making a forced entry"); *United States v. Knapp*, 1 F.3d 1026, 1030 (10th Cir.1993) (affirming conviction where officers waited for ten to twelve seconds without hearing any noise from inside the residence, although exigent circumstances were not present because defendant could not readily dispose of his marijuana as it was kept in mason jars and defendant could not move very quickly due to his amputated leg).

In addition, the Supreme Court recently held in *Hudson v. Michigan*, 126 S. Ct. 2159 (2006), that "the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial -- incomparably greater than the factors deterring warrantless entries when *Mapp* [FN12] was decided. Resort to the massive remedy of suppressing evidence of guilt is unjustified." *Id*. at 2168.  Thus, even if there had been a violation of the knock and announce doctrine in appellant's case, suppression of the evidence is now directly precluded under *Hudson v. Michigan*, 126 S. Ct.2159, 2168 (2006) ("Resort to the massive remedy of suppressing evidence of guilt is unjustified.").[1]

---

[1] In this same section of his moving papers, defendant asserts that the evidence should be suppressed because

C.  The Search Was Valid

In his motion defendant complains first that the police failed to leave a copy of the warrant and return and second that the police filed a copy of the warrant and return a day late. Special Agent Sparks left a copy of the warrant and seizure list on a desk in what was identified by the FBI as Room A after the completion of the search.  The warrant return was made to the Superior Court a day late.  This technical violation of  D.C. Code § 23-521(f)(6) does not warrant suppression.  In *Hudson*, the police violated the defendant's interests in privacy and dignity by failing to knock and announce their intention to execute a search warrant.  As important as privacy and dignity may be, "[s]ince the interests that *were* violated in this case [by the failure to knock and announce] have nothing to do with the seizure of the evidence, the exclusionsary rule is inapplicable." *Id*. at 2165 (emphasis in original).  Moreover, the principle articulated in *Hudson* has been applied beyond the context of knock and announce.  *See Commonwealth of Virginia v. Moore*, ____ U.S. ____, 2007 WL 1577135, (the defendant sought suppression of evidence gathered when he was arrested and searched incident to that arrest despite a state law which permitted only the issuance of a citation for that state offense); United States v. Ankeny, ___ F.3d _____ *6 (9th Cir. 2007) (the defendant contented that the extreme manner of execution of a warrant constituted a violation of the Fourth Amendment.  The Ninth Circuit concluded that even if that were so, suppression was not required because the police executed the warrant they had obtained); *United States v. Hector*, 474 F.3d 1150 (9th Cir. 2007) (failure to display search warrant during search may have violated Fourth Amendment, however, suppression not warranted because interest to be protected did not implicate seizure of evidence described in warrant).  Based on the reasoning of these cases, a search conducted pursuant to a

valid warrant, the execution of which was flawed in some way under the Fourth Amendment, does not require or even warrant suppression.

## II.     Defendant's Motion To Dismiss Count Three of the Indictment

The government submits that this motion is not ripe and should be summarily denied. The defendant is requesting the Court dismiss count three of the indictment based simply on what the defendant guesses the government will present as evidence. This motion may become ripe after the presentation of the government's evidence is complete but certainly not pretrial.

**WHEREFORE** the United States respectfully submits, that as set out above, defendant's motions in this matter should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
Bar No. 498610


_____/s/_____
NANCY B. JACKSON
Assistant United States Attorney
555 4th Street, N.W.
Room 4110
Washington, D.C. 20503
E-mail: Nancy.Jackson@usdoj.gov