**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**  ) ) ) ) )
**v.** )  **Criminal Action No. 07-323 (RMC)**
 )
**TIMOTHY P. JOHNSON, JR.,** )
 )
**Defendant.** )
 ) | |

**MEMORANDUM OPINION**

Defendant Timothy P. Johnson, Jr., moves to suppress tangible evidence and to dismiss Count Three of the criminal indictment brought against him by the United States. The Court will deny the first motion and order further briefing on the second.

**I.  BACKGROUND**

On November 27, 2007, the Federal Bureau of Investigation ("FBI") conducted a search of 4511 B Street, S.E., Apartment #101, Washington, D.C., pursuant to a search warrant issued by the Superior Court of the District of Columbia. Def.'s Mot. to Suppress at 2 [Dkt. # 9]. Recovered during that search was, *inter alia*, marijuana; heroin; phencyclidine ("PCP"); cocaine base, also known as "crack"; prescription pills; materials used to process and package illegal narcotics; weapons and ammunition; and documents bearing Mr. Johnson's name. Gov't's Resp. to Def.'s Mots. at 5 [Dkt. # 14]. Mr. Johnson was subsequently indicted in a three-count indictment charging him with unlawful possession with intent to distribute 100 grams or more of a mixture and substance containing phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv); using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C.

§ 924(c)(1); and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). *See* Indictment [Dkt. # 4].

Mr. Johnson now moves the Court to suppress the evidence seized during the execution of the search warrant ("Search Warrant") on the grounds that the Search Warrant was deficient; that law enforcement violated the knock and announce statute; and that the executing officers failed to execute the Search Warrant in accordance with the Superior Court's order. He separately moves the Court for an order dismissing count three of the indictment.

## II.  DISCUSSION

The Court will address each motion in turn.

### A.  Motion to Suppress Evidence

1. *Was the Search Warrant Valid?*

Detective William T. Sepeck of the FBI obtained the Search Warrant on November 21, 2007, after submitting an affidavit that stated that a confidential source ("CS"), within the last 24 hours, had notified Special Agent William Grover of a drug transaction being conducted from Apartment # 101 of *4511* B Street, S.E., Washington, D.C. *See* Def.'s Mot. to Suppress, Ex. A, Aff. of Detective William T. Sepeck, Jr. ("Sepeck Aff.") ¶ 7.  Detective Sepeck further swore that agents took photos and escorted the CS to the location, where she positively identified the exterior of *4311* B Street, S.E., and Apartment # 101 from the photographs. *See id.*

The Search Warrant was executed in the early morning hours of November 27, 2007, while Mr. Johnson and Ms. Arita Sheppard were sleeping. Def.'s Mot. to Suppress at 2. "Thinking that intruders were breaking into the premises, for his safety and Ms. Sheppard[sic], Mr. Johnson attempted to leave the apartment through the window located near where he and Ms. Sheppard were

sleeping." *Id.* Contraband was discovered during the search and Mr. Johnson was arrested and charged. *Id.*

### a. Was There Probable Cause Behind the Search Warrant?

Mr. Johnson contends that the Search Warrant lacked probable cause. He notes that the Fourth Amendment of the United States Constitution safeguards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but on probable cause . . . ." U.S. Const. amend. IV.

Probable cause is determined based on the totality of the circumstances, taking into consideration the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Regarding the determination of whether probable cause exists, the Supreme Court has instructed:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.

*Id.* at 238-39 (internal citations omitted).

Mr. Johnson challenges the adequacy of the information provided by Detective Sepeck concerning the background and veracity of the CS; the basis of knowledge of the CS; and the lack of corroboration by law enforcement inasmuch as the "only investigation into this alleged transaction revealed a different address of 4311 B Street, S.E.," *not* 4511 B Street, S.E., where the search was actually conducted. Def.'s Mot. to Suppress at 4.

The Court finds that the affidavit provided by Detective Sepeck, especially as augmented by handwritten additions at the reviewing judge's request, *see* Sepeck Aff. at 3; Gov't's

Resp. to Def.'s Mots. at 4, adequately described the CS, the basis for the CS to know about the prior transaction, and its corroboration by law enforcement. Such affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). This affidavit clearly met that test.

Were there a real issue about the affidavit's sufficiency, suppression of the evidence obtained would not be the appropriate remedy if the officers conducting the search acted in "objectively reasonable reliance" on the warrant's validity. *United States v. Leon*, 468 U.S. 897, 922 (1984). Further, suppression is appropriate only if "the magistrate abandoned his detached and neutral role" in assessing the affidavit or if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926. There is no evidence presented, or hinted at, by Mr. Johnson that challenges the reasonable reliance of the executing officers on the validity of the Search Warrant, much less that the Superior Court judge "abandoned" her judicial role.

The challenge to the adequacy of the Search Warrant is without merit.

**b. Was the Affidavit in Support of the Search Warrant Facially Deficient?**

Mr. Johnson also challenges Detective Sepeck's affidavit because it contains a mistake. At the time the affidavit was presented to the Superior Court judge, she asked the detective to add to the affidavit that law enforcement had taken photos of the address to be searched, that those photos had been shown to the CS, and that the CS had accompanied law enforcement to the address. Gov't Resp. to Def.'s Mots. at 4. In adding this information by hand, Detective Sepeck mistakenly wrote the address of the criminal activity as 4311 B Street, S.E., rather than 4511 B Street, S.E. *Id.* Neither the detective nor the judge noticed the mistake at the time. *Id.* Nonetheless, it clearly is

simply a mistake. *Id.* The address described in the warrant is the description of 4511 B Street, S.E.; the photos taken by law enforcement are of 4511 B Street, S.E.; and the CS reviewed the photos and identified the correct location as 4511 B Street, S.E. Moreover, there is no 4311 B Street, S.E., in D.C.

Detective Sepeck's handwritten additions to his affidavit were clearly made "in the midst and haste of a criminal investigation." *Ventresca*, 380 U.S. at 108. Those additions were made in front of the Superior Court judge and at her request, after Detective Sepeck had described these further efforts at corroboration by law enforcement. The simple error in the address numbers was not noted and had no effect on the fundamentals of the affidavit – or, more importantly, the facial validity of the Search Warrant itself upon which the executing officers relied.

The challenge to the facial deficiency of the affidavit is without merit.

2. *Did Law Enforcement Violate the Knock and Announce Requirement?*

Unless exigent circumstances exist, law enforcement officers executing a search warrant must generally knock and announce themselves prior to entering a premises. *Richards v. Wisconsin*, 520 U.S. 385, 392-96 (1997). *See also* 18 U.S.C. § 3109 (allowing forcible entry "if, after notice of his authority and purpose, [an officer] is refused admittance. . . ."). Mr. Johnson contends that there was no prior knock and announce before officers broke into the apartment.

This contention, as a matter of fact, has been fully rebutted by totally credible testimony presented at the motions hearing. As a matter of law, even if it were true, it would not lead to suppression of the evidence gathered during the search. *Hudson v. Michigan*, 547 U.S. 586, 599 (2006) (holding that "the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial. . . . Resort to the massive remedy of suppressing evidence

of guilt is unjustified.").

This challenge to the execution of the search warrant is without merit.

3. *Did the Officers Mishandle the Paperwork on the Search?*

Mr. Johnson complains that the officers failed to leave a copy of the Search Warrant and return in the apartment and that they filed a copy of the warrant and return with the Superior Court a day late. The first complaint is wrong as a matter of fact; the second is accurate but without moment.

Special Agent Sparks credibly testified at the motions hearing, and identified photos at the scene, that demonstrate that he left a copy of the warrant and seizure list on a desk that was identified by the FBI as Room A, after completion of the search. Mr. Johnson's complaint to the contrary has no evidentiary support and is rejected.

However, Mr. Johnson correctly notes that the warrant return was made to the Superior Court a day late, in violation of D.C. Code § 23-521(f)(6). The United States, relying again on *Hudson*, 547 U.S. 586, argues that the technical violation of the D.C. Code does not warrant suppression.

The Court concludes that the United States has the better part of the argument. *Hudson* explained that the knock and announce rule protects a defendant's interests in privacy and dignity, but has never protected "one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that *were* violated in this case [by the failure to knock and announce prior to entry] have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." 547 U.S. at 594 (emphasis in original). Similarly, the interests of the Superior Court in having prompt execution and return of warrants – to avoid searches based on stale evidence or to interfere with a citizen's challenges to a search – have nothing to do with the

seizure of the evidence in this case. *Hudson* has been applied beyond its knock-and-announce fact

pattern. *See Virginia v. Moore*, __ U.S. __, No. 06-1082, 2008 U.S. LEXIS 3674, at *21-24 (April

23, 2008) (no suppression where evidence was gathered from a search incident to arrest despite a

state law which permitted only the issuance of a citation); *United States v. Ankeny*, 502 F.3d 829,

837 (9th Cir. 2007); (suppression not required for evidence obtained pursuant to valid warrant where

warrant was executed in extreme manner because "the alleged Fourth Amendment violation and the

discovery of the evidence lack the causal nexus that is required to invoke the exclusionary rule");

*United States v. Hector*, 474 F.3d 1150, 1152 (9th Cir. 2007) (failure to display search warrant

during search and failure to provide a copy of the warrant did not require suppression because the

alleged constitutional violations were not the "'unattenuated but-for cause' of obtaining the disputed

evidence") (citing *Hudson*, 547 U.S. at 592, 594). *Virginia v. Moore* is particularly instructive. It

makes clear that State law does not govern the interpretation or applicability of *Hudson*. Whether

the D.C. Circuit would adopt the reasoning of the 9the Circuit in *Ankeny* and *Hector* is, therefore,

less critical.

   The Court concludes that Mr. Johnson's complaint that law enforcement officers

failed to return the search warrant to the Superior Court in violation of the D.C. Code, while true,

does not affect the Fourth Amendment analysis and does not require suppression of the evidence

seized during the search.

  **B. Motion to Dismiss Count Three**

   Count Three of the indictment charges Mr. Johnson with a violation of 18 U.S.C. §

922(g), which makes it unlawful for certain individuals, including Mr. Johnson, to "ship or transport

in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition;

or to receive any firearm or ammunition which has been shipped or transported in interstate or

foreign commerce." He anticipates that the United States will present evidence that the gun in question had previously been manufactured outside the District of Columbia and, by the laws of nature, must have at some point crossed state lines into D.C. since it was found here, and, therefore, that its possession by Mr. Johnson was "in or affecting commerce." Def.'s Mot. to Dismiss Count Three at 2. [Dkt. # 10].

Defendant's pretrial motions were set for hearing on July 18, 2008, with trial to commence on August 4, 2008. Mr. Johnson's counsel filed his two motions on July 14, 2008, which gave the United States insufficient time to prepare and file its responses. Therefore, the motions hearing was continued to August 8 and the United States filed a single response to both motions on August 7, 2008. The entirety of the response to the motion to dismiss stated:

> The government submits that this motion is not ripe and should be summarily denied. The defendant is requesting the court [to] dismiss count three of the indictment based simply on what the defendant guesses the government will present as evidence. This motion may become ripe after the presentation of the government's evidence is complete but certainly not pretrial.

Gov't's Resp. to Def.'s Mots. at 8. The Court finds that Defendant's argument raises serious legal questions aside from evidentiary ones. Therefore, it will direct the United States to file a further brief on the issue and afford Defendant an opportunity to file a reply.

The Motion to Dismiss Count Three remains under advisement, pending supplemental briefing. The Court finds that it is in the interest of justice to suspend the Speedy Trial Act to allow further briefing and resolution so that Mr. Johnson's arguments can be given the careful attention they are due. The Speedy Trial Act will be suspended until two weeks after submission of

Mr. Johnson's reply.

A memorializing order accompanies this memorandum opinion.


Date: September 5, 2008                        /s/

ROSEMARY M. COLLYER
United States District Judge